UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jack Powers**, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | |
| **Jeff's Home Improvements, LLC**, d/b/a Jeff's Home Services. | |
| Defendant. | |

Plaintiff, Jack Powers ("Plaintiff"), sues the Defendant, Jeff's Home Improvement's LLC, d/b/a Jeff's Home Services ("Defendant") and allege as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq and Ohio Revised Code Ann. ("ORC") § 4111.03 for Defendant's failure to pay Plaintiff all earned overtime wages.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      ORC § 4111.03 establishes the law regarding overtime within the State of Ohio.

4. Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendant who were laborers[1] classified by Defendant as independent contractors.

5. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

6. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for their unlawful failure to pay overtime due and owing Plaintiff and others similarly-situated in violation of ORC § 4111.03.

7. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendant.  Members of the Collective Action are referred to as the "Collective Members."

8. Additionally, Defendant's failure to compensate Plaintiff and all other similarly-situated employees at a rate equal to Ohio's required overtime rates violates Ohio Revised Statutes § 4111.03.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio wage laws. Members of the Ohio Rule 23 Class Action are referred to as the "Ohio Class Action Members."

---

[1] For the purposes of this Complaint, "laborers" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

9. The Collective Members are all current and former employees who worked as general laborers for Defendant and were classified as independent contractors at any time starting three years before this Complaint was filed, up to the present.

10. The Ohio Class Action Members are all current and former employees who worked as general laborers for Defendant in the State of Ohio and were classified as independent contractors at any time starting three years before this Complaint was filed, up to the present.

11. Defendant owns and operates a "home services" company which provides renovation and home improvement for its customers in Northeast Ohio.

12. At all relevant times, Defendant has operated pursuant to a policy and practice of intentionally misclassifying Plaintiff and all other similarly-situated employees as independent contractors.

13. At all relevant times, pursuant to this misclassification, Defendant has willfully refused to pay overtime to its laborers, including Plaintiff and all other similarly situated individuals.

14. In willfully refusing to pay overtime wages, Defendant has violated the overtime provisions of 29 U.S.C. § 207.

15. In willfully refusing to pay overtime wages, Defendant has violated the overtime provisions of Ohio Revised Code Ann. § 4111.03.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject

matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendant regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

18.     At all material times, Plaintiff is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendant.

19.     Plaintiff has given his written consent to become a party to this action pursuant to 29 U.S.C. § 216(b) which is attached hereto as "Exhibit A."

20.     At all material times, Defendant is an Ohio limited liability company licensed to transact business in the State of Ohio.  At all material times, Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

21.     At all relevant times, Defendant was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant is subject to liability under the FLSA.

22.     At all material times, Defendant was Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

23.     Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

26.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

27.     Defendant does business as Jeff's Home Services and provides home renovation and improvement services to customers.

28.     Plaintiff was hired by Defendant and worked for Defendant as a laborer from approximately October 1, 2021 through approximately March 31, 2022.

29.     Defendant, in its sole discretion, agreed to compensate Plaintiff at a rate of $30.00 per hour.  Plaintiff was compensated this rate by Defendant regardless of how many hours he worked in a given workweek.

30.     Plaintiff, in his work for Defendant, typically worked 50 to 60 hours or more per week.

31.     Rather than classify Plaintiff as an employee, Defendant classified him as an independent contractor.

32.     As a matter of common policy and practice, Defendant misclassifies all of their laborers as independent contractors.

33.     Consistent with this common policy and practice, Plaintiff and others similarly situated individuals have been intentionally misclassified by Defendant as independent contractors.

34.     As a result of Defendant's common misclassification policy, Defendant has not paid overtime pay to Plaintiff and others similarly situated.

35.     Defendant required Plaintiff and others similarly situated to work in excess of 40 hours in a given workweek.

36.     The FLSA applied to Plaintiff and all individuals similarly situated at all times during which they worked for Defendant.  No exceptions or exemptions to the FLSA apply to Plaintiff and those similarly situated.

37.     Upon information and belief, Defendant employed in excess of 50 laborers which it classified as independent contractors throughout the relevant time period without paying them overtime pay, and while denying them the rights and benefits due an employee.

38.     At all relevant times, Defendant directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiff and similarly situated individuals.

39.     At all relevant times, the employment terms, conditions, and policies that applied to Plaintiff were the same as those applied to other putative Collective Members and Ohio Class Action Members who also worked as delivery drivers for Defendant.

40.     Plaintiff, the Collective Members and the Ohio Class Action Members incurred financial loss, injury, and damage as a result of Defendant's business practice of misclassifying them as independent contractors and failing to pay them overtime pay.

41.     Defendant's misclassification of Plaintiff, the Collective Members and Ohio Class Action Members as independent contractors was specifically intended to enhance Defendant's

profit margins at the expense of its laborers by requiring Plaintiff, the Collective Members and Ohio Class Action Members work in excess of 40 hours in a given workweek without paying overtime compensation at a rate of one and one-half times their regular rates and adopting and implementing employment policies that violate the FLSA and ORC § 4111.03.

42.     Defendant's misclassification of Plaintiff and those similarly situated was willful.

43.     Defendant knew or should have known that it was improper to classify Plaintiff, the putative Collective Members and the Ohio Class Action Members as independent contractors.

44.     Workers in the Collective and Ohio Class cannot "elect" to be treated as employees or independent contractors.  Nor can workers in the Collective or Class agree to be paid less than the applicable minimum wage.  Despite this, Defendant unfairly, unlawfully, fraudulently, and unconscionably attempted to coerce workers in the Collective and Class to waive their statutory rights and elect to be treated as independent contractors.

45.     Any contract which attempts to have workers in the Collective and Class waive, limit, or abridge their statutory rights to be treated as an employee under the FLSA or other applicable wage and hour laws is void, unenforceable, unconscionable, and contrary to public policy.

46.     The determining factor as to whether Plaintiff and those similarly situated are employees or independent contractors under the FLSA is not the workers' elections, subjective intent, or any contract.  Rather, the test for determining whether an individual is an "employee" under the FLSA is the economic reality test.  *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947).  Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for herself and truly independent, or, rather, is economically dependent upon finding employment in others.

47.     Under the applicable test, court use the following factors to determine economic dependence and employment status: (1) the degree of control exercised by the alleged employer; (2) the relative investments of the alleged employer and employee; (3) the degree to which the employee's opportunity for profit and loss is determine by the employer; (4) the skill and initiative required in performing the job; (5) the permanency of the relationship; and (6) the degree to which the alleged employee's tasks are integral to the employer's business.

48.     The totality of circumstances surrounding the employment relationship between Defendant, the Collective and the Class establishes economic dependence by the putative Collective and Class on Defendant and employee status.  Here, Plaintiff and all individuals similarly situated are not in business for themselves and truly independent, but rather are economically dependent upon finding employment in Defendant.  The putative Collective and Classes are not engaged in occupations or businesses distinct from that of Defendants.  To the contrary, the Collective and Class are the basis for Defendant's business.  Defendant obtains the customers who seek out home renovation and improvement services, and Defendant provides the workers who conduct the labor on behalf of Defendant.  Defendant retain pervasive control over the business operation as a whole, and Collective and Class.

49.     Plaintiff, the Collective Members and the Ohio Class Action Members do not exert control over any meaningful part of Defendant's business operation and do not stand as a separate economic entity from Defendant. Defendants exercise control over all aspects of the working relationship with Plaintiff and the other Class members.

50.     The economic status of Plaintiff, the Collective Members and the Ohio Class Action Members is inextricably linked to conditions over which Defendant has complete control,

including without limitation advertising and promotion, business and financial relationships with customers, business and financial relationship with insurers, and customer volume.

51.     Defendant exercises the following significant control over the work conditions of Plaintiffs and others similarly situated:

a.      The work performed by Plaintiff, the Collective Members and the Ohio Class Action Members is essentially construction work;

b.      Defendant requires Plaintiff, the Collective Members and Ohio Class Action Members to work in excess of 40 hours per week;

c.      Defendant pays Plaintiff, Collective Members and Ohio Class Action Members a flat hourly rate for all hours worked in a given workweek;

d.      Defendant made the decision not to pay overtime to its laborers;

e.      Defendant directs Plaintiff, the Collective Members and Ohio Class Action Members with respect to which jobs to work on;

f.      Defendant supervises, and at times, remediates the quality of the work performed by Plaintiff, the Collective Members and Ohio Class Action Members;

g.      Defendant sets the schedules for Plaintiff, the Collective Members and the Ohio Class Action Class Members;

h.      Defendant requires Plaintiff, the Collective Members and the Ohio Class Action Members to wear Defendant's uniform;

i.      Defendant subjected Plaintiff, the Collective Members and the Ohio Class Action Members to Defendant's rules and Plaintiff, the Collective Members

and the Ohio Class Members are subject to discipline if they violate Defendant's rules;

j.     The amount of work the Defendants require Plaintiff, the Collective Members and the Ohio Class Action Members deprives them of essentially all other economic opportunities.

k.     Defendant asks Plaintiff, the Collective Members and the Ohio Class Members to enter into agreements to not compete with Defendant's business and not to perform work for Defendant's competitors.

52.     Plaintiff, the Collective Members and Class Action Members do not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of an independent contractor: they own no enterprise, nor do they maintain a separate business structure or facility.

53.     Plaintiff, the Collective Members and the Ohio Class Action Members have no control over customers, nor do they actively participate in any efforts to increase Defendant's customer base or profit, or to improve business in any capacity.

54.     Defendant does not permit Plaintiff, the Collective Action Members and the Ohio Class Action Members to hire or subcontract other qualified individuals to provide additional construction services to customers, thereby increasing their revenue, as an independent contractor in business for himself would have the authority to do.

55.     Plaintiff, the Collective Members and the Ohio Class Action Members make no financial investment in Defendant's facilities, advertising, maintenance, staffing, and contractual relationships.  All capital investment and risk belongs to Defendant.

56.    Defendant manages all aspects of the business operation, including without limitation attracting investors, establishing business and customer relationships, maintaining the premises, establishing the hours of operation, coordinating advertising, and hiring and controlling of staff.  Defendant provides all necessary capital to open and operate the business.

57.    Plaintiff's work for Defendant was never intended to be temporary.

58.    All actions and agreements by Defendant described herein were willful and intentional, and they were not the result of mistake or inadvertence.

**INJURY AND DAMAGE**

59.    Plaintiff, the Collective Members and the Ohio Class Action Members suffered harm, injury, and damages, including financial loss, as a result of Defendant's conduct complained of herein.

60.    Plaintiff, the Collective Members and the Ohio Class Action Members were entitled to overtime pay for their work performed for Defendant.  By failing to pay Plaintiff, the Collective Members and the Ohio Class Action Members overtime pay and interfering with their right to retain all of their earnings, Defendant caused them financial loss, harm, injury, and damage.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

61.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.    Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

63.    Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated laborers of Defendant, who were misclassified as independent contractors and denied

overtime compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

64.     Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All laborers (or individuals with other similar job duties or titles) who worked for Defendant and were classified as independent contractors at any time during the past three years.**

65.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  The claims alleged above arise out of Defendant's willful violations of the FLSA.

66.     Upon information and belief, Defendant has employed more than fifty laborers misclassified as independent contractors during the period relevant to this action.

67.     The identities of these individuals, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

68.     Because these similarly situated employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

69.     Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful misclassification as independent contractors and failure to pay the applicable overtime rates as required by the FLSA.

-12-

## OHIO CLASS ACTION ALLEGATIONS

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     Plaintiff brings his Ohio wage claims as a Rule 23 class action on behalf of the following Ohio Class Action Members:

> **All laborers (or individuals with other similar job duties or titles) who worked for Defendant in Ohio and were classified as independent contractors at any time during the past three years.**

72.     Numerosity.  The number of Ohio Class Action Members is believed to be over fifty.  This volume makes bringing the claims of each individual Ohio Class Action Member before this Court impracticable.  Likewise, joining each individual Ohio Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Ohio Class Action Members will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Ohio Class Action Members and Defendants.

73.     Typicality.  Plaintiff's Ohio claims are typical of the Ohio Class Action Members because like the Ohio Class Action Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the other Ohio Class Action Members. Defendant regularly required Plaintiff and the Ohio Class Action Members to work in excess of 40 hours in a given workweek without paying them overtime.  Defendant misclassified Plaintiff and the Ohio Class Action Members as independent contractors.  This was commonly, though not exclusively, done in order to prevent Plaintiff and the Ohio Class Action Members from being paid overtime for all hours worked in excess of 40 in a given workweek.  As a result, Defendant failed

to pay Plaintiff and the Ohio Class Action Members both minimum wage and overtime for all hours worked.

74.     As a result of such policy and practice by Defendants, Defendants violated the minimum and overtime wage provisions of Ohio Revised Code § 4111.

75.     <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Ohio Class Action Members because it is in his interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Ohio Class Action Members she seeks to represent.

76.     <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.     The number of hours worked by Plaintiff and the Ohio Class Action Members;

b.     The amounts paid to Plaintiff and the Ohio Class Action Members;

c.     The degree of control Defendant exerted over Plaintiff and the Ohio Class Action Members;

d.     The relative investments of Defendant and Plaintiff and the Ohio Class Action Members;

e.     The degree to which Plaintiff's and the Ohio Class Action Members' opportunity for profit and loss was determined by Defendant;

f.     The skill and initiative required in performing the job;

g.     The permanency of the relationship; and

-14-

> h.    The degree to which Plaintiff's and the Ohio Class Action Members' tasks are integral to Defendant's business.

77. Common issues of law include, but are not limited to:

> a.    Whether Defendant paid all minimum wages due and owing to Plaintiff and the Ohio Class Action Members;
>
> b.    Whether Defendant paid overtime wages due and owing to Plaintiff and the Ohio Class Action Members for all hours worked in excess of 40 in a given workweek;
>
> c.    Whether Defendant improperly misclassified Plaintiff and the Ohio Class Action Members as independent contractors;
>
> d.    Whether Plaintiff and the Ohio Class Action Members are entitled to compensatory damages; and
>
> e.    The proper measure of damages sustained by Plaintiff and the Ohio Class Action Members; and

78.    Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Ohio Class Action Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Ohio Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

79.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and

comprehensive supervision by a single court and judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Ohio Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Ohio Class Action Members are readily identifiable from Defendant's records.

80.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; and (3) the burden is on each Defendant to accurately record hours worked by employees.

81.     Ultimately, a class action is a superior forum to resolve the state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Ohio Class Action Members according to applicable Ohio laws.

82.     Nature of Notice to be Proposed.  As to the Rule 23 Ohio Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Ohio Class Action Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     Defendant willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

85.     As a result, Defendant failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

86.     Defendant's practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

87.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal and state law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

88.     Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jack Powers, individually, and on behalf of all others similarly situated, respectfully requests that the Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE § 4111 FAILURE TO PAY OVERTIME

89.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.     Defendant failed or refused to pay Plaintiff and the Ohio Class Action Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

91.     As a result, Defendant failed to compensate Plaintiff and the Ohio Class Action Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

92.     Defendant's practice of willfully failing or refusing to pay Plaintiff and the Ohio Class Action Members at the required overtime wage rate violates the overtime provisions of ORC § 4111.

93.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Ohio Class Action Members the proper overtime rate would violate federal and state law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Ohio Class Action Members' employment. As such, Defendant's conduct constitutes a willful violation of the Ohio Revised Code.

94.     Plaintiff and the Ohio Class Action Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional amount equal to two-times the unpaid wages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jack Powers, individually, and on behalf of all others similarly situated, respectfully request that the Court grant relief in Plaintiff's and the Ohio Class Action Members' favor, and against Defendant for compensation for unpaid overtime wages, plus an additional amount equal to two-times the unpaid wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 3RD day of May, 2021.

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: james@bswages.com


BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliff@bswages.com